# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 1 3 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

|  |  |  |
|---|---|---|
| VA TIMBERLINE, LLC, | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Civil Action No. 4:06-cv-00026 |
| | ) | |
| APPALACHIAN POWER COMPANY | ) | MEMORANDUM OPINION AND ORDER |
| and | ) | |
| FRANKLIN REAL ESTATE | ) | |
| COMPANY, | ) | |
| | ) | **By: Hon. James C. Turk** |
| DEFENDANTS. | ) | **Senior United States District Court Judge** |

## MEMORANDUM OPINION AND ORDER

Plaintiff VA Timberline, LLC ("VA Timberline") filed an action in the courts of the Commonwealth of Virginia seeking a declaratory judgment determining plaintiff's rights, pursuant to an easement, in a portion of Leesville Lake in Pittsylvania County, Virginia. Defendants, the owner of the servient property, Franklin Real Estate Company ("Franklin") and the Appalachian Power Company ("APCO"), filed a Notice of Removal to this court pursuant to 28 U.S.C. §§ 1441 and 1446 seeking to invoke this court's jurisdiction over civil actions "arising under" federal law. 28 U.S.C. § 1331. The plaintiff has filed a motion to remand.

Having considered the plaintiff's motion, together with the briefs and arguments of both parties, the court concludes that plaintiff's claim necessarily raises a substantial issue of federal law over which this court has jurisdiction; therefore this case need not be remanded.

### I.

If the district court would have original jursidiction over the action, 28 U.S.C. § 1441 permits removal. Section 1331 affords district courts "original jurisdiction of all civil actions

1

arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. If the plaintiff's action arises under federal law for purposes of Section 1331, removal is permissible.

The burden of demonstrating jurisdiction resides with the party seeking removal. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004). "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 150 (4th Cir. 1994). If "federal jurisdiction is doubtful, a remand is necessary." Id.

## II.

Plaintiff is a real estate developer who owns land on the shore of Leesville Lake, including a 3.414 acre parcel known as "Common Area D." Plaintiff claims an easement over land owned by Defendant Franklin, adjacent to Common Area D. Both parties agree that this easement is subject to the terms and conditions of a license issued by the Federal Power Commission (now known as the Federal Energy Regulatory Commission, "FERC") to APCO. (Pl.'s Mem. Supp. Mot. Remand 5); (Def.'s Mem. Opp'n Pl.'s Mot. Remand 9).

The parties dispute whether the terms and conditions of the federal license, which is incorporated by reference in the instrument conveying the easement, permit the plaintiff to construct two twelve-slip boat docks without interference by the defendants.

## III.

The Court determines whether a state-law created cause of action arises under federal law for purposes of 28 U.S.C. § 1331 by asking whether the "state law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial

2

responsibilites." Grable & Sons Metal Prods., Inc. v. Darue Eng'g, Inc., 125 S. Ct. 2363, 2368 (2005).

The court determines whether a state law claim necessarily raises a stated federal issue by applying the well-pleaded complaint rule. Jurisdiction "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the [complaint], unaided by anything alleged in anticipation of avoidance of defenses which it thought the defendant may interpose." Taylor v. Anderson, 234 U.S. 74, 75–76 (1914). For the federal courts to have jurisdiction under the well-pleaded complaint standard, a "right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10–11 (1983) (quoting Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936)). To determine the essential elements of a plaintiff's cause of action, federal courts look to the law giving rise to the cause of action. See, e.g., Grable, 125 S. Ct. at 2368 (2005).

Under Virginia law, a plaintiff seeking a declaration of his rights in an easement must prove "the facts that give rise to the easement, whether by express grant or reservation, by implication, or by other means." Brown v. Haley, 355 S.E.2d 563, 568 (Va. 1987). Plaintiff must prove that the terms of the granting instrument, including the federal license which is incorporated by reference, give Plaintiff the "privilege to use the land . . . in a particular manner and for a particular purpose." Id. The terms of the FERC license—here an ingredient of the plaintiff's cause of action—are interpreted under federal law. United States v. So. Cal. Edison Co., 413 F. Supp. 2d 1101, 1124 n.13 (E.D. Cal. 2006). A federal question therefore appears on the face of Plaintiff's well-pleaded complaint, and the terms of the federal license are actually in

3

dispute; their meaning appears to be primary issue contested in this case.

The meaning of the FERC license is a substantial and "important issue of federal law that sensibly belongs in a federal court." Grable, 125 S. Ct. at 2368. The Federal Government has an "obvious concern in maintaining control over [the] engineering, economic, and financial soundness" of water power resource projects licensed by FERC. First Ia. Hydro-Elec. Co-op. v. Fed. Power Comm'n, 328 U.S. 152, 172 (1946). "The Government . . . has a direct interest in the availability of a federal forum to vindicate its own administrative action," Grable, 125 S. Ct. at 2368, and those affected by FERC licenses may find it valuable to come before judges used to federal regulatory matters. See id. Moreover, Plaintiff's cause of action is in the nature of a state title case, and as the Supreme Court has explained that "it will be the rare state title case that raises a contested matter of federal law . . . ." Federal jurisdiction to resolve genuine disagreement over the terms of FERC licenses (like that exercised to resolve disagreement over federal tax law in Grable), therefore, "will portend only a microscopic effect on the federal-state division of labor." Grable, 125 S. Ct. at 2368.

"Federal courts must construe the federal removal statute strictly, and resolve doubts in favor of remanding cases to state courts." Commonwealth Film Processing, Inc. v. Moss & Rocovich, P.C., 778 F. Supp. 283, 286 (W.D. Va. 1991). This case, however, presents a clear example of a "state law claim [that] necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilites." Grable, 125 S. Ct. at 2368. This court would have original jurisdiction over the Plaintiff's claim pursuant to 28 U.S.C. § 1331, and therefore removal is proper under 28 U.S.C. §§ 1441.

4

For the foregoing reasons, this court has subject matter jurisdiction over this matter. Plaintiff's motion to remand is hereby **DENIED**.

The Clerk is directed to send certified copies of this Memorandum Opinion and Order to all parties of record.

ENTER: This _13th_ day of July, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE